# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| D/C DISTRIBUTION LLC, ) | |
| ) | |
|     Debtor. ) | |
| _____) | Nos. 15 C 5092, 15 C 5146 |
| ) | 15 C 5150 (Consol.) |
| FIREMAN'S FUND INSURANCE ) | |
| COMPANY, ) | Judge Jorge L. Alonso |
| ) | |
|     Appellant, ) | |
| ) | |
|     v. ) | |
| ) | |
| LARRY SUBLETT, et al. ) | |
| ) | |
|     Appellees. ) | |
| _____) | |

## MEMORANDUM OPINION AND ORDER

Fireman's Fund Insurance Company, Kaanapali Land LLC, and the United States appeal from the bankruptcy court's order lifting the automatic stay to allow appellees to litigate their asbestos-injury claims against the Debtor ("Order") in state court and its subsequent order denying reconsideration of the Order. For the reasons set forth below, the Court reverses the bankruptcy court's rulings.

## Background

Appellees, Larry Sublett, Peter Schroeder, Arcelia Schroeder, Douglas Bell, Alan Spalding, Linda Spalding, Roderick Johnston, Jr., and Rosalyn Johnston, have asserted, or want to assert, state-court claims against Debtor for personal injuries allegedly caused by exposure to asbestos and asbestos-containing products that Debtor manufactured, marketed, or distributed. In April 2015,

appellees filed a motion for relief from the automatic stay to permit them to pursue their claims against Debtor. On May 7, 2015, the bankruptcy court ordered that objections or responses to the motion be filed by May 14, 2015. (*See* Appellants' App., Ex. 3, 5/7/15 Order.) All three appellants filed timely objections to the motion.

On May 14, 2015, the bankruptcy court granted the motion. The one-page order states, in relevant part:

> IT IS HEREBY ORDERED that as to the [appellees] . . . the automatic stay of 11 U.S.C. Section 362(a) is modified pursuant to Section 362(d)(1) of the United States Bankruptcy Code as to the Debtor and the Debtor's bankruptcy estate for the purpose of establishing the liability of Debtor (and its affiliated entities) for asbestos related personal injury claims. [Appellees] may each proceed in the applicable nonbankruptcy forum to final judgment (including any appeals) in accordance with applicable nonbankruptcy law. [Appellees] are entitled to settle or enforce their claims only by collecting upon any available insurance Debtor's liability to them in accordance with applicable nonbankruptcy law. No recovery may be made directly against the property of Debtor, or property of the bankruptcy estate.
>
> . . . .
>
> . . . . This Court has reviewed the Response filed by Fireman's Fund in opposition to this motion. That Party's concerns about the California litigation can be addressed in California.

(Appellant's App., Ex. 10, 5/14/05 Order.)

Appellants filed motions for reconsideration of the Order, which the bankruptcy court denied on May 27, 2015. (*See id.*, Ex. 24, 5/27/15 Hr'g Tr. at 16.) These appeals followed.

**Discussion**

Bankruptcy courts have discretion to lift the automatic stay "for cause." 11 U.S.C. § 362(d)(1). Factors relevant to the cause determination are whether: (1) "[a]ny great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit"; (2) "the hardship to the [non-bankrupt party] by maintenance of the stay considerably outweighs the hardship of the debtor"; and (3) "the creditor has a probability of prevailing on the merits." *In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991) (quotation omitted). Stay lift decisions are reviewed for abuse of discretion. *In re Holtkamp*, 669 F.2d 505, 507 (7th Cir. 1982). An abuse of discretion exists only if "the record contains no evidence upon which the court could have rationally based its decision," the decision is based on erroneous conclusions of law or findings of fact, or "the decision clearly appears arbitrary." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1116 (7th Cir. 2013) (quotation omitted).

The Order says nothing about the *Fernstrom* factors and was issued without consideration of the objections of Kaanapali and the United States. (*See* Appellant's App., Ex. 10, 5/14/05 Order; *id.*, Ex. 24, 5/27/15 Hr'g Tr. at 6.) The court considered those objections before ruling on the motions to reconsider, but still addressed only one *Fernstrom* factor – prejudice to the non-bankrupt parties – and did so only in a cursory fashion. (*See id.*, Ex. 24, 5/27/15 Hr'g Tr. at 16 (denying the motions to reconsider and saying, "I just don't see how lifting the stay prejudices anyone that has got competing claims.").)

Nonetheless, appellees contend that the rulings should be affirmed because the record contains evidence on which the court's decision could have been based. Specifically, appellees note that the trustee told the court that there is "in excess of $100 million of [available] insurance" to pay claims asserted against Debtor. (*See* Appellant's App., Ex. 24, 5/27/15 Hr'g Tr. at 8-11.) However,

3

the trustee offered no evidence to support this assertion which, in any event, means little without evidence as to the total dollar amount of claims that have been made. Moreover, the trustee said nothing about appellees' likelihood of succeeding on their state-law claims, and neither he nor the bankruptcy court explained why it was appropriate for appellees to liquidate their claims before the other claimants.

In short, the bankruptcy court did not articulate and the record does not otherwise disclose the bases for its decisions. Absent an explanation, the Court cannot find that the bankruptcy court exercised any discretion, let alone did so appropriately. Therefore, the Court reverses the bankruptcy court's rulings.

## **Conclusion**

For the reasons set forth above, the Court reverses the bankruptcy court's Order and rulings on the motions to reconsider and remands the case for further proceedings. These cases are terminated.

**SO ORDERED.**             **ENTERED: March 18, 2016**

_____
**HON. JORGE L. ALONSO**
**United States District Judge**